# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             CASE NO.  5:07cr42-RS-1

ROBIN A. HAYES,

    Defendant.
_____/

## ORDER ON MOTION FOR RETURN OF SEIZED PROPERTY

    Before me is Defendant Robin A. Hayes's Motion for Return of Seized Property (Doc. 37).  The Government has filed a response (Doc. 45).

### Background

    On November 2, 2007, Defendant Robin A. Hayes entered pleas of guilty to a three-count indictment charging her with fraudulent use of an unauthorized access device; fraud in connection with identification information; and aggravated identity theft.  Pursuant to her guilty pleas, I adjudicated Defendant guilty on all three counts.  Defendant was sentenced on January 16, 2008.  The sentence included an order of restitution in the amount of $3,320.44, owed to GE Money Bank and CitiGroup, the victims of Defendant's fraud.  A written judgment was entered on January 18, 2008.

    Although vague, the pending motion appears to request: (1) that the amount

of restitution ordered, $3,320.44, be offset by the purchase value of the items illegally obtained by Defendant, which Defendant contends are in the possession of the Government; and/or (2) that the Government return to Defendant various items that it seized from her, which Defendant contends are not the "fruit of the crimes" but which, nevertheless, remain in the Government's possession.

## Analysis

Initially, I note that Defendant has failed to comply with the temporal and procedural requirements governing the relief requested.  Under Section 3664, which incorporates Fed. R. Civ. P. 32(c), Defendant and her attorney were given ample opportunities during the presentence investigation and sentencing phases of this case to assert the grounds for relief that are presented in the motion. Defendant failed to object to the amount of restitution recommended in the presentence investigation report and to the amount of restitution imposed at the sentencing hearing.  Defendant also did not appeal the sentence imposed.

Nevertheless, it is fundamental that an award of restitution in a case such as this serves to "compensate[] for loss"; "[r]eturn or restor[e] . . . some specific thing to its rightful owner"; and prevent Defendant's "unjust enrichment" or "gain." *Black's Law Dictionary* 1339 (8th ed. 2004).  The Government agrees that it has, secured in its possession, a Wal-Mart gift card with a remaining credit balance of $350.00; a Lowe's gift card with a remaining credit balance of $37.63; and cash in the amount of $96.96.[1]  It is undisputed that the assets were fraudulently obtained by Defendant as fruits of her crimes.  Nevertheless, as to the remaining balances on

---

[1] The Wal-Mart and Lowe's gift cards were apparently issued by GE Money Bank.

the gift cards, victim GE Money Bank cannot be said to have incurred "losses," nor can Defendant be said to have been "unjustly enriched," by money that remains on the gift cards as credit balances and which Defendant has not spent.  The Government states that GE Money Bank has informed it that the gift cards may be returned to their respective stores and the balances applied to the restitution owed by Defendant.  The Government has agreed to return the cards to Wal-Mart and Lowe's.  Therefore, I find it proper to direct the Government to return the gift cards to Wal-Mart and Lowe's.  GE Money Bank shall apply the combined credit balance remaining on the gift cards, $387.63, to the amount ordered as restitution.  As to the cash in the amount of $96.96, the Government has agreed to pay this money to the Clerk of Court.  The Clerk will then issue a check to GE Money Bank in the amount of $96.96, and GE Money Bank will apply the money to the remaining balance of the restitution owed.

This order should not be construed as an order modifying either Defendant's sentence or the amount of restitution ordered at the sentencing and incorporated into the judgment.  The restitution ordered is still $3,320.44, the amount lost by the victims.  This order simply directs, pursuant to Defendant's request and the Government's agreement, that assets in the Government's possession be transferred to their rightful owners, the victims of Defendant's crimes, in partial fulfillment of that judgment.

Defendant also requests that seven tangible items seized by the Government and remaining in its possession be returned to her.  The items are listed as exhibits in the Bay County Sheriff's Office Property/Evidence Recovery Seizure Form attached to the motion.  *See* Doc. 37: 13-16, Exh. 3A, 3B & 3C.  The items include five purses (Exh. 2 & 4); one hard drive (Exh. 9); one Toshiba laptop computer and

power cord (Exh. 10); one Weightwatcher's electronic scale (Exh. 11); one set of lightning audio 6x9 car speakers in box (Exh. 12); and one Compaq Presario computer tower (Exh. 13).

Pursuant to the Government's response to the motion, the Government has agreed to return to Defendant the hard drive (Exh. 9); the Weightwatcher's electronic scale (Exh. 11); the set of lightning audio 6x9 car speakers in box (Exh. 12); and the Compaq Presario computer tower (Exh. 13). The Government has stated that no criminal activity was detected on the hard drive or computer tower and that it has insufficient evidence to link the Weightwatcher's electronic scale and the set of lightning audio 6x9 car speakers to Defendant's crimes. Accordingly, I find it proper, pursuant to Defendant's request and the Government's agreement, to order return of the items listed in this paragraph.

As to the five purses (Exh. 2 & 4) and the Toshiba laptop computer and power cord (Exh. 10), the Government asserts that the items are evidence of Defendant's crimes. The Government has stated that it must maintain custody of this evidence until the expiration of the one-year limitation period prescribed by 28 U.S.C. § 2255.[2] The evidence may be necessary for use in a subsequent trial in the event that the conviction is overturned. Accordingly, I find it proper at this time to deny Defendant's request for return of the items listed in this paragraph. On January 19, 2009, or any date thereafter, Defendant may renew her motion for return of these items.

---

[2] 28 U.S.C. § 2255 permits a defendant to move, within a one-year period of limitation, to vacate, set aside, or correct the sentence on specified grounds.

## Conclusion

Defendant Robin A. Hayes's Motion for Return of Seized Property (Doc. 37) is **granted in part** and **denied in part** as follows:

    1.  The amount of restitution incorporated in the sentence and judgment, $3,320.44, is reduced by $484.59.  The amount of reduction is based on the credit balance of $350.00 remaining on the Wal-Mart gift card; the credit balance of $37.63 remaining on the Lowe's gift card; and cash in the amount of $96.96 recovered from Defendant by the Government.

        a.  Not later than March 21, 2008, the Government shall return the gift cards to their appropriate stores.

        b.  Not later than March 21, 2008, the Government is directed to pay, to the Clerk of Court, the sum of $96.96.

        c.  Upon receipt of $96.96 from the Government, the Clerk is directed, on behalf of Defendant, to send a payment of restitution in the amount of $96.96 to GE Money Bank, Attn: OH3-1030, PO Box 8726, Dayton, OH 45401, Re: Restitution.

    2.  Not later than April 6, 2008, the Government shall return to Defendant the following items identified as exhibits in the Bay County Sheriff's Office Property/Evidence Recovery Seizure Form attached to the motion (Doc. 37: 13-16, Exh. 3A, 3B & 3C):

        a.  Hard drive (Exh. 9);

        b.  Weightwatcher's electronic scale (Exh. 11);

        c.  Set of lightning audio 6x9 car speakers in box (Exh. 12); and

    d. Compaq Presario computer tower (Exh. 13)

3. Defendant's request for all other relief, including return of five purses (Exh. 2 & 4) and Toshiba laptop computer and power cord (Exh. 10), are **denied**.

4. The Government shall immediately cause to provide a copy of this order to GE Money Bank and CitiGroup.

**ORDERED** on March 6, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**